UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIGIROLOMO & DIGIROLOMO, P.C.,
DIGIROLOMO & DIGIROLOMO ASSOCIATES,
P.C., ALFRED DIGIROLOMO, JR., individually
and professionally,

                       Plaintiffs,

        -against-

LEONARD OLIVA, et al.,

                      Defendants.
----------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

11/3/2020 12:15 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ORDER
20-CV-4485 (JMA)(AYS)

**AZRACK, United States District Judge:**

The Court's records reflect that the complaint in this action was filed on September 22, 2020. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon the defendants by **December 21, 2020**, or plaintiffs fail to show good cause why such service has not been effected, the complaint will be dismissed without prejudice. **Plaintiffs are to provide a copy of this Order to the defendants along with the summonses and complaint and shall file proof of service with the Court**.

In addition, although the caption of the complaint includes two professional corporations as plaintiffs, the complaint is signed only by the individual plaintiff, Alfred DiGirolomo, Jr. (See Compl. at 36.)[1] Although an individual may appear in this Court pro se, see 28 U.S.C. § 1654, it

---

[1] The Court uses the pagination assigned by the Court's Electronic Case Filing ("ECF") system.

is long established that an entity, such as a professional corporation, may only appear with counsel admitted to practice law in this Court.  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel."); see also Kumaran v. ADM Inv'r Servs., Inc., No. 20-CV-3873, 2020 WL 4926263, at *1 (S.D.N.Y. Aug. 20, 2020) ("[A] pro se litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her.").  It is unclear whether Mr. DiGirolomo, Jr., an attorney, intends to represent the professional corporations and whether these entities intend to pursue the claims set forth in the complaint given that the complaint is signed only by the individual plaintiff.  Accordingly, Mr. DiGirolomo, Jr. shall apprise the Court whether he intends to represent the other plaintiffs by filing a notice of appearance together with an amended complaint signed by all plaintiffs within thirty (30) days from the date of this Order.  Any claims alleged on behalf of the professional corporation-plaintiffs shall be dismissed without prejudice should Mr. DiGirolomo, Jr. fail to timely comply with this Order.

**SO ORDERED**.

Dated: November 3, 2020
      Central Islip, New York

                                              /s/ (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE