UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIGIROLOMO & DIGIROLOMO, P.C.,
DIGIROLOMO & DIGIROLOMO ASSOCIATES,
P.C., ALFRED DIGIROLOMO, JR., individually
and professionally,

                        Plaintiffs,

      -against-

LEONARD OLIVA, et al.,

                       Defendants.
----------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

1/11/2021 1:18 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

ORDER
20-CV-4485 (JMA)(AYS)

**AZRACK, United States District Judge:**

On September 22, 2020, plaintiffs DiGirolomo & DiGirolomo, P.C., DiGirolomo & DiGirolomo Associates, P.C., and Alfred DiGirolomo, Jr., individually and professionally, (collectively, "Plaintiffs"), appearing pro se, initiated this civil action. (ECF No. 1.) On November 3, 2020, the Court issued an Order citing Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 5.) The Court's Order provided that:

> if service is not made upon the defendants by **December 21, 2020**, or plaintiffs fail to show good cause why such service has not been effected, the complaint will be dismissed without prejudice. **Plaintiffs are to provide a copy of this Order to the defendants along with the summonses and complaint and shall file proof of service with the Court**.

(Id. (emphasis in original).)

The Court's Order further explained that "although the caption of the complaint includes two professional corporations as plaintiffs, the complaint is signed only by the individual plaintiff, Alfred DiGirolomo, Jr." (Id.) Mr. DiGirolomo, Jr. was ordered to "apprise the Court whether he intends to represent the other plaintiffs by filing a notice of appearance together with an amended complaint signed by all plaintiffs within thirty (30) days from the date of this Order."

1

(Id.)  The Court warned that "[a]ny claims alleged on behalf of the professional corporation-plaintiffs shall be dismissed without prejudice should Mr. DiGirolomo, Jr. fail to timely comply with this Order."  (Id.)

To date, Plaintiffs have not responded to the Court's November 3, 2020 Order or otherwise communicated with the Court.  Plaintiffs have provided no proof of service of the summons, complaint, or the Court's November 3, 2020 Order.  In addition, Mr. DiGirolomo, Jr. has not apprised the Court of his intentions regarding representation of the professional corporations.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance.  See Merker v. Rice, 649 F.2d 171, 173–74 (2d Cir. 1981).  The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.

Plaintiffs have failed to comply with the Court's Order, despite being warned that failure to comply could result in the dismissal of the case.  Plaintiffs' failure to comply with the Court's

Order constitutes grounds for dismissal.  Accordingly, this case is dismissed without prejudice for failure to prosecute and noncompliance.   The Clerk of Court is directed to close this case.

**SO ORDERED**.

Dated: January 11, 2021
      Central Islip, New York

                                                /s/ (JMA)
                                               JOAN M. AZRACK
                                               UNITED STATES DISTRICT JUDGE